```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                     FORT WORTH DIVISION

ERIC MISHIYEV                    §
                                 §
VS.                              §    ACTION NO. 4:22-CV-1143-Y
                                 §
CITY OF FORT WORTH, TEXAS,       §
ET AL.                           §
```

<u>ORDER GRANTING MOTIONS TO DISMISS</u>

Pending before the Court is the Motion to Dismiss (doc. 20) filed by defendant Matthew Anderson. Also pending before the Court is the Motion to Dismiss (doc. 23) filed by defendant City of Fort Worth, Texas ("the City"). After review of the motions, related briefs, and applicable law, the Court concludes that the motions should be, and they are hereby, GRANTED. For the reasons urged by Defendants, the Court concludes that Plaintiff lacks standing to bring his claims.

Plaintiff Eric Mishiyev, who is proceeding herein pro se, brought this lawsuit against the City and Anderson, a Fort Worth police officer, contending that they did not sufficiently investigate or prosecute the person responsible for his sister's overdose death. Mishiyev has wholly failed, however, to demonstrate that he has standing to pursue the claims he asserts. Simply put, "victims do not have standing based on whether other people--including their perpetrators--are investigated or prosecuted." *LeFebure v. D'Aquilla*, 15 F.4th 650, 652 (5th Cir. 2021); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a

judicially cognizable interest in the prosecution or nonprosecution of another."). Furthermore, only a surviving spouse, surviving child, or surviving parent has standing to pursue a wrongful death claim. *See* Tex. Civ. Prac. & Rem. Code § 71.004(a); *Shepherd v. Ledford*, 962 S.W.2d 28, 31 (Tex. 1998) ("An action to recover damages for wrongful death is for the exclusive benefit of the deceased's surviving spouse, children, and parents."); *see also Hogan v. Hearst Corp.*, 945 S.W.2d 246, 252 (Tex. App.—San Antonio 1997, no pet.) ("Surviving siblings of the deceased do not have standing to bring a wrongful death action."). And courts have prohibited a pro-se party from representing the legal interests of an estate in federal court unless the estate has no creditors and the plaintiff is the only beneficiary of the estate. *See Seilheimer v. Soundview Home Loan Trust 2006-OPT2*, No. 3:22-CV-0681-N-BH, 2022 WL 17167952, at *2 (N.D. Tex. Oct. 3, 2022) (report and recommendation of magistrate adopted by *Seilheimer v. Soundview Home Loan Trust 2006-OPT2*, No. 3:22-CV-0681-N-BH, 2022 WL 17168361, at *1 (N.D. Tex. Nov. 21, 2022)). Mishiyev admits that his sister had a child. (Mishiyev's Am. Compl. (doc. 19) 6, ¶ 23.) Consequently, Mishiyev lacks standing to pursue his claims, and they are therefore DISMISSED under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction.

    SIGNED August 22, 2023.

*[signature: Terry R. Means]*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE